# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **DONALD R. ADKISON,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:11CV00089 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **BEN FRIZZELL d/b/a WOLF** ) | By: James P. Jones |
| **HILLS SHOPPING CENTER,** ) | United States District Judge |
| ) | |
| Defendant. ) | |

*Michael A. Bishop, Michael A. Bishop, P.C., Abingdon, Virginia, for Plaintiff; Cameron S. Bell, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendant.*

In this premises liability action arising under Virginia tort law, the plaintiff alleges that the defendant, owner and operator of a shopping center, had a duty to maintain the shopping center premises in a reasonably safe condition and did not do so by failing to remove a patch of clear ice from the parking lot. Because I find that the plaintiff has failed to create a genuine issue of material fact, I will reject the findings and recommendation of the magistrate judge and grant summary judgment in favor of the defendant.

I

The plaintiff, Donald R. Adkison, was injured when he fell in the parking lot of premises known as Wolf Hills Shopping Center ("Wolf Hills"), located in

Washington County, Virginia, owned and operated by the defendant Ben Frizzell. Adkison filed suit in state court seeking damages resulting from his injuries. The action was timely removed to this court, where subject-matter jurisdiction is based upon diversity of citizenship and amount in controversy.

The defendant moved for summary judgment, which motion was referred to the magistrate judge for report and recommendation. The magistrate judge recommended that the defendant's motion be denied. *Adkison v. Frizzell*, No. 1:11CV00089, 2012 WL 2804506 (W.D. Va. July 10, 2012) (Sargent, J.) Following the magistrate judge's report, the defendant filed objections, which have been fully briefed and are now ripe for decision.

The facts of record, which are presented in the light most favorable to the plaintiff for the purposes of the present motion, are as follows.[1]

On January 20, 2011, a snow storm occurred in Washington County resulting in the accumulation of snow and ice on the Wolf Hills parking lot. Adkison manages a business that is responsible for clearing snow and ice from six properties belonging to a large local business. On January 21, 2011, Adkison began clearing snow and ice from the parking lots of these properties at 5:00 a.m.

---

[1] The only evidence submitted by the parties consists of an affidavit by the plaintiff ("Adkison Aff.") and a similar statement attached to his answers to interrogatories entitled, "How my upper leg and hip were broken" ("Adkison Statement").

At approximately 8:15 a.m., Adkison finished clearing the properties and drove to the Wolf Hills parking lot, intending to visit a store in the shopping center. It did not appear to him that the Wolf Hills parking lot had been cleared of snow and ice. When he realized that the store did not open until 9:00 a.m., Adkison left Wolf Hills and made one more sweep of the properties that he had previously cleared.

At approximately 10:10 a.m., Adkison returned to Wolf Hills. He observed that the conditions in the parking lot "had improved immensely." (Adkison Aff. ¶ 9.) As he pulled into a parking space, he answered a phone call from his daughter, who was out of school due to inclement weather. Adkison spoke with his daughter about going sledding because it "looked like it was going to be a pretty good day for it." (Adkison Statement 1.) While still talking on his cell phone, Adkison opened his door, looked down, and saw what appeared to be "wet asphalt," a condition that he had seen that morning during his clearing of snow and ice. (*Id.*) Despite seeing the wet asphalt, Adkison exited his vehicle as he "always do[es.]" (*Id.*) He dropped approximately 10 inches to the ground, landed on one foot, and slipped and fell on the "wet" spot, which he then discovered was ice. The impact from the fall caused Adkison to fracture his hip and femur.

Adkison asserts that Frizzell had a duty to maintain the Wolf Hills parking lot in a reasonably safe condition and did not do so by failing to remove all of the

ice from the parking lot. In his Motion for Summary Judgment, Frizzell argues that summary judgment should be granted in his favor because: (1) Adkison cannot show that Frizzell had actual or constructive notice of the existence of ice in the parking lot; (2) the ice in the parking lot was an open and obvious hazard; and (3) Adkison assumed the risk of slipping and falling.

II

The defendant has timely objected to the magistrate judge's recommended findings, and I must make a de novo determination of those portions of the magistrate judge's report to which the defendant objects. *See* 28 U.S.C.A. § 636(b)(1) (West 2006); Fed. R. Civ. P. 72(b)(3).

An award of summary judgment is appropriate where there is no genuine dispute as to any material fact such that one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must assess the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the non-moving party. *Nguyen v. CNA Corp.*, 44 F.3d 234, 237 (4th Cir. 1995).

Rule 56 mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to

that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party "need not produce evidence, but simply can argue that there is an absence of evidence by which the nonmovant can prove his case." *Cray Commc'ns, Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 393 (4th Cir. 1994) (internal quotation marks and citation omitted). Summary judgment is not "a disfavored procedural shortcut," but is an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex*, 477 U.S. at 327.

Applying these standards, the defendant's Motion for Summary Judgment must be granted.

Virginia law governs this diversity claim. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In Virginia, the rules applicable to slip-and-fall cases are well settled. *See Winn-Dixie Stores, Inc. v. Parker*, 396 S.E.2d 649, 650 (Va. 1990). A person is an invitee when the landowner "has extended an express or implied invitation to the visitor and the visitor enters pursuant to the invitation." *Bauer v. Harn*, 286 S.E.2d 192, 194-95 (Va. 1982). As such, Adkison was an invitee at Wolf Hills, and Frizzell owed him a duty of ordinary care and prudence. *See Shiflett v. M. Timberlake, Inc.*, 137 S.E.2d 908, 911-12 (Va. 1964). In discharging this duty, a landowner is required to have the premises in a reasonably

safe condition for its visitors and to warn them of any unsafe condition that is known, or by the use of ordinary care should be known, to the landowner. *See Fobbs v. Webb Bldg. Ltd. P'ship*, 349 S.E.2d 355, 357 (Va. 1986). Open and obvious dangers that are patent to a reasonable person exercising ordinary care for his own safety do not require a warning. *See Trimyer v. Norfolk Tallow Co.*, 66 S.E.2d 441, 444 (Va. 1951).

The duty of ordinary care and prudence does not make a landowner an insurer of the safety of his invitees. *See W.T. Grant Co. v. Webb*, 184 S.E. 465, 466 (Va. 1936). In the absence of any evidence tending to show that a landowner knew, or should have known by the exercise of reasonable diligence, of the defect or unsafe condition, the landowner will not be liable to a customer for injuries caused by some defect or unsafe condition in the premises. *See Roll 'R' Way Rinks, Inc. v. Smith*, 237 S.E.2d 157, 161 (Va. 1977). It is the plaintiff's responsibility to introduce evidence of the landowner's actual or constructive knowledge of a defective condition on the premises to establish his prima facie case of negligence. *Id.*

In this case, the defendant contends that summary judgment should be granted in his favor because (1) Adkison fails to show that Frizzell had actual or constructive notice of the existence of ice in the parking lot; (2) the ice in the

parking lot was an open and obvious hazard; and (3) Adkison assumed the risk of slipping and falling. I will address each of the defendant's arguments below.

A. ACTUAL OR CONSTRUCTIVE KNOWLEDGE.

I agree with the magistrate judge that there is no evidence Frizzell had actual knowledge of ice in the Wolf Hills parking lot. However, I disagree with her proposed finding that there are questions of fact regarding Frizzell's constructive knowledge.

Constructive knowledge of a dangerous condition on the premises may be shown by evidence that the condition "was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." *Grim v. Rahe, Inc.*, 434 S.E.2d 888, 890 (Va. 1993). If a plaintiff is unable to show when a defect occurred on the premises, he has not made a prima facie case. *Id.* In other words, if the plaintiff fails to adduce any evidence as to when or for how long the unsafe condition existed, summary judgment for the defendant is appropriate. *See Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 454 (4th Cir. 2004).

The magistrate judge essentially concluded that because there was a snow storm the previous night, a jury might reasonably find that Frizzell had constructive notice that ice existed in the Wolf Hills parking lot. The basis for this

- 7 -

conclusion is Adkison's affidavit that he had been clearing snow and ice for five hours on the morning of his fall.

First, what *Adkison* allegedly observed in other locations does not impute knowledge to *Frizzell* about the condition of the Wolf Hills parking lot.[2]  Second, the mere fact that there was inclement weather the night before Adkison's fall is insufficient to establish constructive notice of ice in the parking lot.  *See id*. at 453; *Logan v. Boddie-Noell Enters., Inc.*, No. 4:11-cv-00008, 2012 WL 135284, at *6-7 (W.D. Va. Jan. 18, 2012).  Although awareness of severe weather conditions might render the unsafe condition foreseeable, it is insufficient proof of notice for purposes of premises liability.  *Hodge*, 360 F.3d at 453.  Instead, Adkison must show that Frizzell had "constructive notice of the *specific* unsafe condition that injured [him]," *id*. at 453-54, — namely, patches of ice like the one he slipped on.  Adkison fails to supply any such evidence here.  The only admissible fact submitted on the issue of notice is that there was a snow storm the night before the incident.  Such evidence is insufficient to survive summary judgment.

Additionally, Adkison is unable to show *when* the ice formed in the Wolf Hills parking lot.  Adkison claims that, because he began clearing snow and ice

---

[2] The location of the other parking lots that Adkison had been clearing himself is not given in the record, although Adkison states in his affidavit that "King College Road is in Bristol, Tennessee and is actually less than five miles from Washington County, Virginia." (Adkison Aff. ¶ 4.)  He does not explain if King College Road is where his parking lots were and if so how far they were from Wolf Hills.

from other parking lots beginning at 5:00 a.m., the icy condition of the Wolf Hills parking lot existed for at least five hours prior to his fall. I disagree. While he claims that when he first came to the parking lot at around 8:15 a.m., the temperature was "beginning to warm up" above freezing (Adkison Statement 1), it is just as likely that the ice formed later than he assumes. Thus, Adkison is unable to prove that the condition existed for a sufficient time to charge Frizzell with constructive notice of it, and a jury could only reach such a conclusion "as the result of surmise, speculation and conjecture." *Colonial Stores v. Pulley*, 125 S.E.2d 188, 190 (Va. 1962). Accordingly, I find that summary judgment must be awarded in favor of the defendant. *See Grim*, 434 S.E.2d at 890.

B. OPEN AND OBVIOUS DANGER.

As an alternative ground for summary judgment, Frizzell argues that Adkison was contributorily negligent as a matter of law because the ice constituted an open and obvious danger.

Under Virginia law, the duty to warn exists only with respect to latent dangers, not to those which are or ought to be obvious to the invitee. *See Trimyer,* 66 S.E.2d at 443-44. It is well settled that a plaintiff who slips and falls as the result of an open and obvious danger is guilty of contributory negligence and is barred from recovery as a matter of law. *See Logan*, 2012 WL 135284, at *9. This

principle holds true even when the plaintiff did not see the open and obvious defect. *See Rocky Mount Shopping Ctr. Assocs. v. Steagall*, 369 S.E.2d 193, 194 (Va. 1988). The relevant standard in determining whether a defect was open and obvious is essentially a totality of the circumstances test. The court must ask "whether a plaintiff failed to act as a reasonable person would have acted for his own safety under the circumstances." *Artrip v. E.E. Berry Equip. Co.*, 397 S.E.2d 821, 824 (Va. 1990).

The evidence in this case demonstrates that Adkison had knowledge of the Wolf Hills parking lot's slippery condition or at the least could have reasonably discovered the slippery condition. First, Adkison was clearly aware of the inclement weather situation on the morning of his fall. By his own admission, he had spent that entire morning clearing snow and ice from parking lots in the area. Second, Adkison had direct knowledge of the Wolf Hills parking lot's slippery condition because he admits that he observed the spot of "wet asphalt" before deciding to step down onto it. (Adkison Statement 1.) Despite observing the wet spot, which was like "what [he] had seen most of the morning at the locations that [he] had been clearing [of snow and ice]," Adkison proceeded to exit his vehicle as he "always do[es]." (*Id.*)

The magistrate judge concluded that there were still questions of fact regarding contributory negligence, based on the rationale that a finder of fact could differ on whether Adkison acted reasonably in thinking that the reasonably thought the "wet" spot was merely wet asphalt, rather than ice. However, I find that this supposed distinction is insignificant. Adkison admits that there is less friction on wet asphalt (Adkison Aff. ¶ 8), and at least one Fourth Circuit case has found that a wet spot can constitute an open and obvious hazard where a person is aware of inclement weather conditions. *See Newcomb v. Food Lion, Inc.*, No. 95-3044, 1996 WL 469902, at *2 (4th Cir. Aug. 20, 1996) (unpublished).

Similarly, in *Wynne v. Spainhour*, 205 S.E.2d 634, 634-35 (Va. 1974), the plaintiff, like here, was injured when he slipped in a parking lot on what appeared to him to be a "dark moisture spot," which was in fact ice left over from a recent snow storm. The Supreme Court of Virginia held that the spot was an open and obvious danger, barring recovery, regardless of what the plaintiff may have thought. *Id.* at 635.

Adkison's argument that the particular ice patch he slipped on was invisible "black ice" does not negate a finding of contributory negligence. First, the record suggests that the black ice was not invisible because, as discussed, Adkison himself admits that it appeared "wet." Furthermore, even if the black ice that

caused Adkison's fall were invisible, Adkison fails to show that Frizzell had actual knowledge of this invisible black ice. To the extent that Adkison argues that Frizzell should have known about the presence of black ice based on the inclement weather conditions, the same argument would apply to him. In other words, "the evidence does not show knowledge, actual or constructive, of a hidden danger on the part of [landowner] superior to the knowledge of [invitee]." *Trimyer*, 66 S.E.2d at 445.

Accordingly, I find that Adkison was contributorily negligent in failing to recognize an open and obvious danger, and Frizzell's Motion for Summary Judgment must be granted.

C. ASSUMPTION OF RISK.

Finally, Frizzell argues that summary judgment is appropriate because Adkison assumed the risk of slipping and falling.

In Virginia, a plaintiff's voluntary assumption of risk operates as a complete bar to recovery for a defendant's alleged negligence. *Thurmond v. Prince William Prof'l Baseball Club, Inc.*, 574 S.E.2d 246, 249 (Va. 2003). "Application of the defense of assumption of risk requires use of a subjective standard, which addresses whether a particular plaintiff fully understood the nature and extent of a known danger and voluntarily exposed [him]self to that danger." *Id*.

The magistrate judge concluded that the facts were insufficient to show that Adkison understood the nature and extent of the particular danger at issue. However, I disagree. As previously discussed, Adkison was well aware of the inclement weather conditions as he had spent the morning clearing ice and snow from parking lots in the area. Furthermore, he had actual knowledge of the conditions of the Wolf Hills parking lot, since he had already been to the parking lot once that morning prior to his fall and observed that "it did not appear that the parking lot had been given snow and ice clearing treatment." (Adkison Aff. ¶ 6.) Despite this knowledge of the weather conditions, as well as his experience in snow and ice clearing treatment, Adkison voluntarily stepped down onto a spot that he actually observed was "wet asphalt." Thus, I find that Adkison assumed the risk of stepping on the slippery surface and is barred from recovering damages as a matter of law.

III

For these reasons, it is **ORDERED** that Defendant's Objections to Magistrate Judge's Report and Recommendation (ECF No. 26) are SUSTAINED and Defendant's Motion for Summary Judgment (ECF No. 12) is GRANTED. Final judgment will be entered for the defendant.

ENTER: August 14, 2012

/s/ James P. Jones
United States District Judge